**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MARISA ROCHE LOPEZ, as Administrator of the Estate of Vincent Roache, Deceased,** | ) | **Case No. 25-CV-15780** |
| *Plaintiff,* | ) | **Judge Coleman** |
| **V.** | ) | **JURY DEMAND** |
| **OFFICER HIRESH #19176, OFFICER BELL#19053 OFFICER SOTO #18970, SERGEANT VALADEZ, COUNTY OF COOK,** | ) | |
| *Defendants.* | ) | |

## COMPLAINT AT LAW

**NOW COMES** the Plaintiff, MARISA ROACHE LOPEZ, as Administrator of the Estate of Vincent Roache, deceased, by and through his attorneys, GREGORY E. KULIS AND ASSOCIATES, LTD, and in support of his Complaint at Law against Defendants, OFFICER HIRESH #19176, OFFICER BELL #19053, OFFICER SOTO #18970, SERGEANT VALADEZ, COUNTY OF COOK, states as follows:

## JURISDICTION AND VENUE

1. This action is brought for damages brought pursuant to the United States Constitution, the Federal laws of the United States, specifically, 42 U.S.C. §1983 and §1988, to redress deprivations of the civil rights of the Plaintiff, MARISA ROACHE LOPEZ, as Administrator of the Estate of Vincent Roache, deceased, accomplished by acts and/or omissions of the Defendants OFFICER HIRESH #19176, OFFICER BELL #19053, OFFICER SOTO #18970, SERGEANT VALADEZ, COUNTY OF COOK, and THOMAS DART, committed under color of law.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367 as this matter involves issues of federal law along with supplemental jurisdiction.

3. Venue is proper in the United States District Court for the Northern District of Illinois under 28 U.S.C. § 1391(b) because it is the judicial district in which the events or omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff's son, decedent Vincent Roache, at all relevant times was a pre-trial detainee who was detained at Cook County Jail in Divion 9, Tier 1G cell 1288 located at 2600 S. California Avenue, Chicago, Illinois in September of 2024.

5. Defendants OFFICER HIRESH #19176, OFFICER BELL #19053, OFFICER SOTO #18970, SERGEANT VALADEZ, were acting within their scope of employment and under color of law.

6. Defendant COUNTY OF COOK is a municipal corporation.

## FACTS

7. The decedent, Vincent Roache, was a pre-trial detainee housed in Cook County Jail, Division 9, Tier 1G, cell 1288 on September 29, 2024.

8. On September 29, 2024, Decedent Vincent Roache had a cellmate by the name of Stokley.

9. Earlier in the day, Vinent Roache revealed to Stokley that he suffered from mental illness and had suicidal thoughts. Stokley was able to divert the attention of Roache from committing suicide for a couple hours.

10. Around approximately 6:15pm, Roache told Stokley he wanted to commit suicide. Stokley yelled at Defendants BELL and SOTO that Roache was suicidal. Despite the fact that Defendants BELL and SOTO heard Stokley, they deliberately ignored him and did not go to Roache's cell to assist in preventing his suicidal attempt.

11. Approximately an hour later, Stokley again yelled at Defendants BELL and SOTO that Roache was suicidal. Despite the fact that Defendants BELL and SOTO heard Stokley, they again deliberately ignored him and did not go to Roache's cell to assist in preventing his suicidal attempt.

12. After Defendants BELL and SOTO ignored Stokley, Roache physically tried to commit suicide. At this point, Stokley physically wrestled with Roache to prevent him from successfully committing suicide and this time screamed and beat on the cell doors to Defendants OFFICER HIRESH #19176, OFFICER BELL #19053, OFFICER SOTO #18970, SERGEANT VALADEZ asking for assistance in preventing Roache from committing suicide. Despite the fact that Defendants OFFICER HIRESH #19176, OFFICER BELL #19053, OFFICER SOTO #18970, SERGEANT VALADEZ heard Stokley, they deliberately ignored him and refrained from physically preventing Roache from committing suicide.

13. Despite the fact that Defendants OFFICER HIRESH #19176, OFFICER BELL #19053, OFFICER SOTO #18970, SERGEANT VALADEZ refrained from assisting, Stokley was successful in preventing Roache's first suicide attempt.

14. A short time later, Roache physically attempted suicide for the second time. At this point, Stokley convinced other inmates to assist in alerting Defendants OFFICER HIRESH #19176, OFFICER BELL #19053, OFFICER SOTO #18970, SERGEANT VALADEZ and Stokley along with other inmates yelled and beat their cell doors telling Defendants OFFICER HIRESH #19176, OFFICER BELL #19053, OFFICER SOTO #18970, SERGEANT VALADEZ that Roache was attempting to commit suicide. Despite the fact that Defendants OFFICER HIRESH #19176, OFFICER BELL #19053, OFFICER SOTO #18970, SERGEANT VALADEZ clearly heard the inmates, they ignored them and failed to assist in preventing Roache from

committing suicide.

15. At one point, prior to Roache dying, Defendant BELL went to Roache's cell and noticed him on the ground and failed to respond to this obvious warning sign and prevent Roache from committing suicide.

16. On both of the body camera footage of Defendants BELL and SERGEANT VALADEZ, it can be clearly shown that a white sheet visibly wrapped around the bars of Roache's cell window that obviously showed that he was attempting to commit suicide. Despite Defendants BELL and SERGEANT VALADEZ seeing this obvious indication of suicide, they ignored it and failed to prevent Roache from committing suicide.

17. Roache was eventually successful in committing suicide and died around 8:00pm on September 29, 2024.

**COUNT I - FAILURE TO PROTECT UNDER THE 14TH AMENDMENT**

1-17 Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

18. The Fourteenth Amendment protects pre-trial detainees from suicide by imposing a duty on jail employees to ensure that pre-trial detainees are sufficiently protected.

19. Defendants OFFICER HIRESH #19176, OFFICER BELL #19053, OFFICER SOTO #18970, SERGEANT VALADEZ had the duty and obligation to protect the Plaintiff from suicide.

20. Defendants OFFICER HIRESH #19176, OFFICER BELL #19053, OFFICER SOTO #18970, SERGEANT VALADEZ were put on notice through other pre-trial detainees and their own physical observations of the Decedent being on the ground and a sheet wrapped around the bars of his cell door that he was attempting suicide.

21. The Defendants knew that there was a strong likelihood that decedent Vicent

Roache was going to commit suicide.

22. Defendants OFFICER HIRESH #19176, OFFICER BELL #19053, OFFICER SOTO #18970, SERGEANT VALADEZ had the ability to prevent this harm to Decedent Vincent Roache by physically entering his cell and restraining him and thereby prevent him from hanging himself.

23. Despite this knowledge, pre-trial detainees' pleas for help, and their ability to save the Decedent from suicide, the Defendants consciously and deliberately ignored the Decedent, thereby failing to protect the Decedent from harming himself and thereby killing himself.

24. The actions of Defendants, OFFICER HIRESH #19176, OFFICER BELL #19053, OFFICER SOTO #18970, SERGEANT VALADEZ constituted a violation of the Plaintiff, MARISA ROCHE LOPEZ, as Administrator of the Estate of Vincent Roache, deceased's Fourteenth Amendment rights as protected by 42 U.S.C. §1983.

25. As a result of the actions, and/or inactions of the Defendants, OFFICER HIRESH #19176, OFFICER BELL #19053, OFFICER SOTO #18970, SERGEANT VALADEZ the decedent Vincent Roache, suffered fear, anxiety, pain, suffering, and emotional distress.

**WHEREFORE**, the Plaintiff, MARISA ROACHE LOPEZ, as Administrator of the Estate of Vincent Roache, deceased, respectfully prays for judgment in her favor against Defendants OFFICER HIRESH #19176, OFFICER BELL #19053, OFFICER SOTO #18970, SERGEANT VALADEZ, jointly and severally, in an amount of fair and reasonable compensatory damages, punitive damages, plus attorneys' fees and costs.

**COUNT II– INDEMNIFICATION – COUNTY OF COOK**

1-25. Each of the foregoing paragraphs is incorporated as if fully restated herein.

26. Illinois law provides that public entities are directed to pay any tort judgment for

compensatory damages for which employees are liable within the scope of their employment activities.

27. The Defendants, OFFICER HIRESH #19176, OFFICER BELL #19053, OFFICER SOTO #18970, SERGEANT VALADEZ, were/are employees of THE COUNTY OF COOK, acting within the scope of their employment in committing the misconduct described herein.

**WHEREFORE**, should the Defendants, OFFICER HIRESH #19176, OFFICER BELL #19053, OFFICER SOTO #18970, SERGEANT VALADEZ, be found liable for any of the acts alleged above, would be liable to pay the Plaintiff, MARISA ROACHE LOPEZ, as Administrator of the Estate of Vincent Roache, deceased, any judgment obtained against said officers.

**JURY DEMAND**

The Plaintiff, MARISA ROACHE LOPEZ, as Administrator of the Estate of Vincent Roache, deceased, hereby requests a trial by jury.

Respectfully submitted,
/s/ Brian Orozco
Gregory E. Kulis & Associates, Ltd.

**Gregory E. Kulis & Associates, Ltd.**
**134 North LaSalle Street, Suite 444**
**Chicago, Illinois 60602**
**p. (312) 580-1830 / f. (312) 580-1839**
**e. borozco@kulislawltd.com**
**e. service@kulislawltd.com**